IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REFUGIO DELACRUZ,<br>    ID # 2068062,<br>        Petitioner,<br><br>vs.<br><br>DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)<br>)    No. 3:19-CV-983-K-BH<br>)<br>)<br>)<br>)    Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on April 8, 2019 (doc. 1). Based on the relevant filings and applicable law, the petition should be **DENIED** with prejudice.

**I.    BACKGROUND**

Refugio Delacruz (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges his May 3, 2015 conviction and sentence in the 195th Judicial District Court of Dallas County, Texas, under 28 U.S.C. § 2254. (*See* doc. 1 at 2.)[2] The respondent is the Director of TDCJ-CID (Respondent). (*See id.* at 1.)

**A.    State Court Proceedings**

In May 2015, Petitioner was indicted for murder in Cause No. F-15-75563 in the 195th Judicial District Court of Dallas County, Texas. (*See* doc. 15-8 at 5.) Under a plea agreement,

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Petitioner pleaded guilty to the murder charge and agreed to a sentence of 25 years' imprisonment. (*See id.* at 8-11.) He also entered a judicial confession to the charge. (*See id.* at 12.) Judgment was entered on May 6, 2016, and he was sentenced to 25 years' imprisonment in the TDCJ-CID. (*See id.* at 15-17.) He did not file a direct appeal.

Petitioner's state habeas application, which was signed on August 18, 2016, was received by the trial court on February 15, 2017. (*See id.* at 19-38.) During the state habeas proceedings, Petitioner's counsel submitted two affidavits in response to the claims raised in the state habeas application. (*See* doc. 15-7 at 18-22.) In its findings of fact and conclusions of law signed on May 3, 2018, the trial court found that Petitioner failed to demonstrate that his counsel's performance was unconstitutionally deficient, and that the outcome of the case would have been different but for counsel's deficient performance. (*See id.* at 12-17.) It concluded that the state habeas application was meritless and recommended that relief be denied. (*See id.* at 16.) The Texas Court of Criminal Appeals denied Petitioner's state habeas application without written order on July 25, 2018. (*See* doc. 15-1); *Ex parte Delacruz*, No. WR-87,375-01 (Tex. Crim. App. July 25, 2018).

**B.     Substantive Claims**

In his single ground for relief, Petitiner contends that "Ineffective Assistance of Counsel was rendered by counsel violating Petitioner's Due Process, 5th, 6th, and 14th Amendment Right to U.S. Const." (doc. 1 at 6.) He claims that counsel was ineffective because she:

(1) [failed to] introduce to the Court that Petitioner is actually physically handicap [sic] since childhood: --his left are [sic] is about 25" in length and about 14" in width -vs- his –right arm is about 20" in length and about 10" in width severely handicapping him;

(2) failed to use the medical reports that investigator Joe Vela possessed supporting Petitioner's handicap. . . Court never saw or aware of such;

(3) failed to introduce to the Court the photos from the police and hospital that support the extent of Petitioner's physical assault, bruising, two-black-eyes

2

    [sic], swelling of his face from the beating by two full grown men while one held his deformed arm and both hands while the other 'freely' beat him severely; some stitches needed and applied at Parkland Hostpital [sic] that night[ ];

(4) failed to introduce favorable evidence of the victims [sic] blood that contained illegal drugs and alcohol at time of altercation;

(5) failed to raise 'sudden passion'; fear of his life at 5'3" tall or so; and weight of about 140 pounds;

(6) [ ] willfully and intentionally lied, committing fraud upon the convicting court and to the CCA and now attempting to 'TRANSFER' such to this Honorable Court when counsel states in her Affidavit: . . . "He never said he had a handicap" (Affidavit stamp filed 4/27/18 at page 1) [ ]; and

(7) failed to personally investigate the case or familiarize her self [sic]. See also all 3-ineffective assistance raised in Grounds 1-3 in WR-87,375-01.

(doc. 1 at 11.)  Respondent filed a response on July 29, 2019.  (*See* doc. 14.)  Petitioner did not file a reply.

## II.    APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).  Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions.  Under § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

    with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

        (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

        (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). As for the "unreasonable application" standard, a writ may issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). A petitioner must show that "there was no reasonable basis for the state court to deny relief." *Id.* at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142,149-52 (5th Cir. 2003). The AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams*, 529 U.S. at 403-04). A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *See Singleton v. Johnson*, 178 F. 3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (holding that a denial signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Section 2254(d)(2) concerns questions of fact. *See Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

### III.   INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective

assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams*, 529 U.S. at 393 n.17 (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

### A.     **Exhaustion and Procedural Bar**

Respondent contends that some of Petitioner's claims of ineffective assistance of counsel are unexhausted and procedurally barred.[3] (*See* doc. 14 at 8-11.)

---

[3] In his state habeas application, Petitioner alleged three grounds for relief:
  (1) [Petitioner] was denied His right to effective Assistance of Counsel, Due Process, and Due Course of Law, when trial counsel misled and misadvised [Petitioner] to plea [sic] guilty to the charge of muder [sic] 19.02(c) and receive (25) years of confinement, [Petitioner] was induced to plea [sic] guilty.
  (2) [Petitioner] was denied his right to effective assistance of Counsel, Due Process, and Due Course of Law when counsel failed to introduce all Evidence of the deceased [sic] past history of his violent

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust under § 2254, he must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or a state application for a writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. A petitioner must also present his claims in a procedurally correct manner. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001) (quoting *Deters*, 985 F.2d at 795).

The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies, and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). In those cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*; *see also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim that would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition to be procedurally barred).

Here, Petitioner did not raise some of his ineffective assistance of counsel claims either on appeal or in his state habeas application, so those are unexhausted. He would be barred from raising these claims in a successive state habeas application, so his claims are also procedurally

---

criminal character, and failed to prove that the deceased was the first aggressor; and
  (3) [Petitioner] was Denied effective Assistance of Counsel, Due Process and Due course of Law, when trial counsel instructed [Petitioner] to lie to the court, that his plea was voluntary.
(doc. 15-8 at 24, 26, 28.)

barred from federal habeas review. *See Nobles*, 127 F.3d at 423. Nevertheless, the Texas bar on successive or subsequent state habeas applications "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (quoting *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)). "A 'substantial' claim is one that has 'some merit.'" *Ibarra v. Davis*, 786 F. App'x 420, 423 (5th Cir. 2019). "An insubstantial claim is one which 'does not have any merit' or 'is wholly without factual support.'" *Id.* Accordingly, determination of the merits of both the exhausted and unexhausted ineffective assistance claims is required.

**B.** **Physical Handicap**

In an unexhausted claim, Petitioner contends that counsel was ineffective for failing to "introduce to the Court that Petitioner is actually physically handicap [sic] since childhood." (doc. 1 at 11.) He alleges that his left arm "is about 25" in length and about 14" in width -vs- his [ ] right arm is about 20" in length and about 10" in width severely handicapping him." (*Id.*)

Petitioner did not develop this argument; he has not alleged how counsel's alleged deficiency in failing to introduce his alleged handicap to the trial court prejudiced his defense. Nor does he allege any facts or evidence to demonstrate *Strickland* prejudice, i.e., "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. He is therefore not entitled to relief on this conclusory claim. *See Miller*, 200 F.3d at 282 ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). He has not shown that this unexhausted

claim of ineffective assistance of counsel is a substantial claim that excuses the procedural bar. *See Ibarra*, 786 F. App'x at 423.

**C.    Medical Reports**

In an unexhausted claim, Petitioner contends that counsel was ineffective because she "failed to use the medical reports that investigator Joe Vela possessed supporting Petitioner's handicap. . . Court never saw or aware of such." (doc. 1 at 11.)

Petitioner did not develop this argument or identify or provide any evidence of medical reports that support his claim. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Even if he had offered such evidence, he has not alleged facts or evidence showing that counsel's failure to use or notify the trial court about such records prejudiced his defense. Accordingly, he is not entitled to relief on this conclusory claim. *See Miller*, 200 F.3d at 282; *Green*, 160 F.3d at 1042. He has not shown that this unexhausted claim of ineffective assistance of counsel is a substantial claim that excuses the procedural bar. *See Ibarra*, 786 F. App'x at 423.

**D.    Photographs**

In an unexhausted claim, Petitioner contends that counsel was ineffective because she "failed to introduce to the Court the photos from the police and hospital that support the extent of Petitioner's physical assault, bruising, two-black-eyes [sic], swelling of his face from the beating by two full grown men while one held his deformed arm and both hands while the other 'freely' beat him severely; some stitches needed and applied at the Parkland Hostpital [sic] that night."[4]

---

[4] In his state habeas application, Petitioner alleged that counsel showed him photos of himself "being bruised," but he did not claim that counsel was ineffective for failing to offer the photos to the trial court; rather, he mentioned the

(doc. 1 at 11.)

Petitioner did not develop this argument or provide evidence of the photos or their contents. Nor has he alleged how counsel's alleged deficiency in failing to introduce the photos prejudiced his defense. He therefore is not entitled to relief on his conclusory claim. *See Ross*, 694 F.2d at 1011; *Miller*, 200 F.3d at 282; *Green*, 160 F.3d at 1042. He has not shown that this unexhausted claim of ineffective assistance of counsel is a substantial claim that excuses the procedural bar. *See Ibarra*, 786 F. App'x at 423.

### E. Favorable Evidence

In an unexhausted claim, Petitioner contends that counsel was ineffective for failing "to introduce favorable evidence of the victims [sic] blood that contained illegal drugs and alcohol at time of altercation." (doc. 1 at 11.) Petitioner did not develop this argument, and beyond conclusory statements, he fails to identify or provide any evidence of the contents of the victim's blood. Nor does he allege any facts or evidence showing that his defense was prejudiced as a result of counsel's alleged deficiency. His conclusory and unsubstantiated claim is insufficient to show that counsel rendered ineffective assistance. *See Ross*, 694 F.2d at 1011; *Miller*, 200 F.3d at 282; *Green*, 160 F.3d at 1042. He has not shown that this unexhausted claim of ineffective assistance of counsel is a substantial claim that excuses the procedural bar. *See Ibarra*, 786 F. App'x at 423.

### F. Sudden Passion

In an unexhausted claim, Petitioner contends counsel rendered ineffective assistance because she "failed to raise 'sudden passion'; fear of his life at 5'3" tall or so; and weight of about 140 pounds." (doc. 1 at 11.)

In Texas, "sudden passion" in the context of murder "means passion directly caused by and

---

photos in the context of his claim that his guilty plea was involuntary because he was misled by counsel into believing that the photos were not a factor in the case. (doc. 15-8 at 24.)

arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation." Tex. Pen. Code § 19.02(a)(2). It can only be raised after an adjudication of guilt, during the punishment stage of the proceedings, and if proven by a preponderance of the evidence, the murder conviction is a second-degree felony. Ssee Tex. Pen. Code § 19.02(d).

In the state habeas proceedings, counsel submitted an affidavit stating that, "at the time of the incident the altercation [Petitioner] had had with the deceased had been over for some time, and he told me he saw him go out of his (the deceased's) door and he 'had had enough' and shot him. He couldn't say that he felt threatened at the time, just that he shot him." (doc. 15-7 at 21.) Because Petitioner has not alleged any facts or evidence showing that he acted with "sudden passion" under Texas law, only conclusory allegations, he has not shown that counsel was deficient for failing to raise a meritless claim. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument [ ] cannot form the basis of a successful ineffective assistance of counsel claim[.]"); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."). He also has not alleged any facts or evidence showing that counsel's alleged deficiency prejudiced his defense. This unexhausted claim of ineffective assistance of counsel is without merit and therefore not a substantial claim that excuses the procedural bar. *See Ibarra*, 786 F. App'x at 423.

### G. Investigation

Petitioner contends that counsel was ineffective because she "failed to personally investigate the case or familiarize her self [sic]." (doc. 1 at 11.)

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. To establish

11

Case 3:19-cv-00983-K-BH Document 18 Filed 02/17/22 Page 12 of 19 PageID 183

ineffective assistance of counsel based on a failure to investigate, "a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial." *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Further, "complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009). In order "to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.*; *see also Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985).

Here, aside from his conclusory allegation that counsel failed to investigate or familiarize herself with his case, Petitioner does not address this argument in his § 2254 filings. He fails to explain what investigation his counsel could have conducted or what evidence any such investigation would have revealed. Nor has he identified any evidence of which counsel was not, but should have been, aware. He has failed to show that counsel's performance was deficient based on a failure to investigate, or any resulting prejudice under *Strickland*.

Petitioner also states, "See also all 3-ineffective assistance raised in Grounds 1-3 in WR-87,375-01." (doc. 1 at 11.) To the extent his § 2254 petition may be liberally construed to incorporate by reference the allegations in his state habeas filings that counsel was ineffective based on a failure to investigate, the claim still fails. In his state habeas brief in support, Petitioner appeared to contend that counsel was ineffective based on a failure to investigate because she: (1) "fail[ed] to go around the scene of the crime to interview witnesses. By doing this counsel could

12

have establish [sic] certain facts about the shooting"; (2) "made no effort to assist [Petitioner] by finding out what really happen [sic] other than by talking to the prosecutor"; (3) "fail[ed] to call witness that would have cleared [Petitioner] of the murder charge to self-defense; (4) "fail[ed] to interview witness who would have testified that [Petitioner] was beaten by decease [sic] and a friend"; (5) "fail[ed] to investigate the assault on [Petitioner];" and (6) "fail[ed] to investigate to help [Petitioner] prove his case." (doc. 15-8 at 39-41.)

Petitioner did not identify any evidence of which counsel was not, but should have been, aware, however. Additionally, although he identified an individual named Hernesto Ramires (Ramires) as "the wittness [sic] who did not show up to court" and who assaulted Petitioner together with the deceased, he has failed to show that Ramires or any other witness was available to testify and would have done so, set out their proposed testimony, and show that the testimony would have been favorable to a particular defense. (doc. 15-8 at 26.) He therefore has failed to show that counsel's performance was deficient due to a failure to investigate as alleged in his state habeas filings, or any resulting prejudice under *Strickland*. *See Miller*, 420 F.3d at 361; *Day*, 566 F.3d at 538.

Because he has not shown that counsel rendered ineffective assistance based on a failure to investigate, he has not shown that the state court's rejection of this claim was unreasonable. The claim should be denied.

**H.    Other Claims**

In his state habeas application and brief in support, Petitioner also alleged that counsel: (1) refused to listen and set a trial date when Petitioner stated he wanted to go to trial; (2) failed to file a motion for pretrial hearing "so that all wittness [sic] could be heard and cross examined"; (3) refused to file a motion to quash the indictment; (4) refused to introduce evidence that the victim

13

was violent, was the aggressor, and had a history of violence "which caused [Petitioner] to stand his ground"; (5) "acted only to protect the interest of the state and not [Petitioner]"; (6) "was not effective because [her] loyalty interpret [sic] through his interpreter was like a chain of command with evidence of DNA." (doc. 15-8 at 24-27, 40-41.) To the extent Petitioner's statement to "[s]ee also all 3-ineffective assistance raised in Grounds 1-3 in WR-87,375-01" may be liberally construed as re-asserting those state habeas claims in this § 2254 action, Petitioner has not shown that he would be entitled to relief on any of them because each is conclusory. Conclusory allegations are insufficient to warrant § 2254 relief, and he has not shown that the state court's rejection of these claims was unreasonable. Accordingly, to the extent they should be considered in this § 2254 action, the other claims raised in his state habeas proceedings should be denied.

### IV.    STATE HABEAS PROCEEDINGS

In one of his claims, Petitioner contends that "defense counsel willfully and intentionally lied, committing fraud upon the convicting court and to the CCA and now attempting to 'TRANSFER' such to this Honorable Court when counsel states in her Affidavit: 'He never said he had a handicap (Affidavit stamp filed 4/27/18 at page 1)[.]'" (doc. 1 at 11.) Because the affidavit of which he complains was submitted in response to Petitioner's state habeas application, his claim is challenging events from the state habeas proceedings.  "An attack on a state habeas proceeding does not entitle the petitioner to [federal] habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'" *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *see also Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005) ("alleged infirmities in state habeas proceedings are not grounds for federal habeas relief."). Because he is challenging events from the state habeas proceedings, his claim should be denied.

## V.     INVOLUNTARINESS OF PLEA

In his state habeas application, Petitioner contended that he "was induced to plea [sic] guilty" based on counsel's misleading and erroneous advice. (doc. 15-8 at 24.) He argued that his guilty plea was "NOT voluntary, freely or intelligently given as he entered his pleas [sic] based on the representation from his trial attorney." (*Id.* at 29, 31.)  To the extent the § 2254 petition may be liberally construed to incorporate this claim based on the reference to "[s]ee also 3-ineffective assistance raised in Grounds 1-3 in WR-87,375-0," the claim is addressed.[5]

A plea of guilty waives a number of constitutional rights.  *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a guilty plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'") (quoting *Brady*, 397 U.S. at 748).  A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances

---

[5] Petitioner did not otherwise challenge the voluntariness of his guilty plea in his § 2254 filings.

surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty pleas "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *United States v. Gracia*, 983 F.2d 625, 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea. . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981). Inmates who challenge their guilty pleas on collateral review must overcome the presumption of regularity and "great evidentiary weight" accorded court records. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *see also Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that "[o]fficial records are entitled to a presumption of regularity.").

In the state habeas proceedings, Petitioner alleged that his plea was involuntary because counsel: (1) misled him into believing that the prosecution's witness was all that was needed to convict him; (2) misled him when she told him the case was not a self-defense case; (3) misinformed him by stating, "You do not want to go to trial with this case"; (4) misled him into believing his case was not a manslaughter case; (5) instructed him to lie to the trial court about his guilty plea being voluntary; (6) erroneously advised him that the judge would give him the death

penalty if he went to trial; and (7) told him that his chances of winning at trial were slim to none because the trial judge "frowned upon cases involving murder." (doc. 15-8 at 24-25, 28-29.) He also argued that his guilty plea was not knowing and voluntary because "the whole time he was told his witness would be call [sic], to not say anything, and next signed [sic] here. Next thing [Petitioner] knows they tell him in the jail cell he has 25 years." (*Id.* at 41.) He claimed that "between interpreter and counsel [Petitioner] could never really plea voluntarily and knowingly and a knowing plea can only occur if the applicant receives reasonably competent advice." (*Id.* at 42.)

The record shows that Petitioner was advised through written admonishments in his plea agreement that he was charged with murder, a first-degree felony with an imprisonment range of 5-99 years or life. (*See* doc. 15-8 at 9.) In his plea agreement, Petitioner also admitted and judicially confessed that he committed the charged offense as alleged in the indictment. (*See id.* at 10.) He acknowledged that counsel explained the plea agreement to him and that he read and understood the admonishments it contained. (*See id.* at 11.) With this knowledge and understanding, Petitioner signed his plea agreement and entered a judicial confession. (*See id.* at 11-12.) The state court found that the plea documents properly admonished Petitioner in writing about the consequences of his guilty plea, and that he did not "overcome the presumption of voluntariness created in the trial court's plea papers." (doc. 15-7 at 15.)

Additionally, counsel submitted an affidavit in response to the state application that stated:

[Petitioner] understood the paperwork we signed and the consequences of his plea. We ([the defense investigator] and I) discussed his plea paperwork with him at length. He indicated that he understood and asked questions which indicated to me that he understood the proceedings.

Because he had confessed to shooting the victim, and because there was no viable self-defense case to be presented [Petitioner] accepted the 25 year sentence. There was a lot of discussion about the fact that this sentence was "aggravated" in that he

17

> would have to serve twelve and a half years day for day, but that he had a year of back time which would be credited against the sentence.

(doc. 15-7 at 19 (internal quotation marks omitted).) In a second affidavit, counsel also stated:

> [Petitioner] was very concerned about going to trial due to the range of punishment. He initiated the plea bargain process, and accepted the 25 year offer. I never told him that he could 'get the death penalty' as he alleges. I don't ever try to force my clients to take plea bargains; I was ready to proceed to trial on this case.

(*Id.* at 21 (internal quotation marks omitted).) She also stated that she "planned to put [Petitioner] on the stand to explain his behavior and say that he was sorry" with the hope "that the jury would be merciful or perhaps decide it was Voluntary Manslaughter due to the past history." (*Id.*) The trial court found that the affidavits "reflect[ed] that [Petitioner's] guilty plea was freely and voluntarily entered." (*Id.* at 15.)

Petitioner has not shown that the state court's findings on his claim challenging the voluntariness of his guilty plea was unreasonable. He is therefore not entitled to § 2254 relief on this claim, and it should be denied.

## VI.   EVIDENTIARY HEARING

Petitioner requests a live evidentiary hearing so that he "may simply remove his shirt in all respects to show the Honorable Court that he is in fact physically handicap [sic] and only about 5'3" tall or so, and weight is about 145 now." (doc. 1 at 12.) Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## VII.   RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on April 8, 2019 (doc. 1), should be **DENIED** with prejudice.

**SIGNED this 17th day of February, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE